ELMER K. WATSON *vs.* SAMUEL SLOCOMB.

Bristol. October 23, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes.

In an action on an alleged contract in writing it appeared that the defendant was the president and the treasurer of a brush company, that the plaintiff, acting as the agent of another corporation to which the brush company owed money, proposed to procure a mortgage on the real estate of the brush company and that he should be given a commission of ten shares of the preferred stock of the brush company, that the proposed mortgage was made and out of the money thus borrowed by the brush company its debt to the other corporation was paid. After the execution of the mortgage one S became the general manager of the brush company. The alleged contract on which the plaintiff sought to recover was in the form of a letter addressed to the plaintiff and signed by the defendant and by S, and was as follows: "For services rendered by you, Mr. S and myself agreed

to issue to you 10 shares of the preferred stock of the above company. Circumstances as explained to you to-day have debarred us from doing this up to this time, and should it be impossible to do the same we will endeavor to satisfy you for those services in some other way." The defendant testified that in all the transactions with the plaintiff he had acted as agent for the brush company and never had acted for himself individually. There was no allegation nor proof that the services rendered by the plaintiff in procuring the mortgage were undertaken and performed.in reliance upon an express promise of the defendant that he individually would give to the plaintiff as a commission ten shares of the preferred capital stock of the brush company. *Held,* that a verdict must be ordered for the defendant.

CONTRACT, originally on an account annexed for $1,000, with interest from August 26, 1908, and afterwards amended as stated in the opinion. Writ dated October 10, 1913.

In the Superior Court the case was tried before *O'Connell,* J. The evidence and the course of the trial are described in the opinion. Sylvester, mentioned in the alleged contract in writing and whose name was signed to it under that of the defendant, became the general manager of the United Brush Company after the execution of the mortgage mentioned in the opinion. At the request of the defendant, the judge ruled "that the writing [quoted in the opinion] did not constitute a contract between the parties," and ordered a verdict for the defendant. The plaintiff alleged exceptions, there being inserted in the bill of exceptions an agreement between the parties that, if it should be determined that the writing was a contract, there should be a new trial; but that, if it should. be determined that the writing was. not a contract, the verdict for the defendant should stand.

The case was submitted on briefs.

*C. H. McKenna,* for the plaintiff.

*J. J. Coady,* for the defendant.

PIERCE, J. The plaintiff brought an action in contract upon an account annexed against the defendant, and alleged therein that the defendant owed him $1,000 and interest thereon for services rendered August 26, 1908, in placing a mortgage of $9,000 on the real estate of the United Brush Company.

It appeared in evidence at the trial that the defendant was the president, the treasurer and a stockholder of the United Brush Company and that the plaintiff was the treasurer and a stockholder of the E. K. Watson Company; that the United Brush Company owed the E. K. Watson Company a sum of money it

was unable to pay; that the plaintiff "proposed" that he secure a mortgage of $9,000 on the real estate of the United Brush Company and that he be given as his commission ten shares of the preferred capital stock of the United Brush Company; that a mortgage was executed June 22, 1908, and that the debt to the E. K. Watson Company was paid from the proceeds of the mortgage. The plaintiff testified that in all the transactions that he had with the defendant he was acting as agent of the E. K. Watson Company except when he procured the mortgage. The defendant testified that in all the transactions with the plaintiff he acted as agent for the United Brush Company, never acting for himself individually.

The plaintiff further testified that on August 26, 1908, he called at the office of the United Brush Company and demanded ten shares of the preferred stock of that company from the defendant and one Sylvester, and produced a certain writing which he said was a contract that he made that day with the defendant and Sylvester. He then was asked if he based his claim solely upon this writing as a contract, and he answered in the affirmative. Whereupon the defendant objected to the admission of this writing as a contract under the pleadings, and the judge ruled it was not admissible.

The plaintiff then moved to strike out all of the declaration filed by him in this cause, and to substitute therefor the following: "And the plaintiff says that the defendant owes him one thousand dollars by reason and by virtue of a certain contract signed by him which contract is annexed hereto and made a part hereof, together with interest. . . .

Pawtucket, R. I. Aug. 26, 1908.

Mr. E. K. Watson,

    Dear Sir:

For services rendered by you, Mr. Sylvester and myself agreed to issue to you 10 shares of the preferred stock of the above company. Circumstances as explained to you to-day have debarred us from doing this up to this time, and should it be impossible to do the same we will endeavor to satisfy you for those services in some other way.

Samuel Slocumb,<br>A. C. Sylvester."

The motion was allowed, and thereupon the defendant asked the judge to rule that the writing did not constitute a contract. The judge so ruled and ordered a verdict for the defendant, and the plaintiff excepted.

Assuming that the testimony given at the trial upon the account annexed is to be treated as given without exception in support of the substituted declaration, and that the motion of the defendant, in effect to direct a verdict for the defendant, was made at the close of all the evidence, the ruling of the presiding judge was clearly right. There is no allegation nor proof that the services rendered by the plaintiff in securing the mortgage were undertaken and performed in reliance upon an express promise of the defendant that he individually would give to the plaintiff as commission ten shares of the preferred capital stock of the corporation of which he was treasurer, or would guarantee that the corporation should do so.

In accordance with the agreement of the parties "the verdict for the defendant shall stand."

*So ordered.*